RAMSIER, ADMR. OF ESTATE OF CRAWFORD, DECEASED, *v.* WESTERN & SOUTHERN LIFE INSURANCE CO. ET AL.

(No. CI-85-298 — Decided January 26, 1987.)

Court of Common Pleas of Paulding County.

*Floyd A. Ramsier,* for plaintiff.
*Cook & Troth* and *Norman E. Cook,* for defendant company.
*Plassman, Rupp, Hensal & Short* and *David P. Rupp, Jr.,* for defendant Duckworth.

HITCHCOCK, J. Plaintiff, Floyd A. Ramsier, administrator of the estate of Eugene James Crawford, asks summary judgment decreeing that this court has jurisdiction over the person of Hazel Duckworth, a sister of the deceased insured Eugene James Crawford, who was a domiciled resident of Antwerp in this county. He died April 20, 1985 in an Indiana hospital. His body was returned to Antwerp for burial. Defendant company is an Ohio insurance company with its principal office at Cincinnati. It insured decedent's life in several whole life industrial policies with weekly premiums payable for twenty years or until prior death. There were three policies in the face amount of $1,000. Each named John L. Crawford, a person who predeceased insured, as the beneficiary. Each contained a Facility of Payment clause pursuant to which defendant Duckworth was paid $4,108.47 ($1,108.47 representing additions to and terminal dividends) on or about May 15, 1985. Duckworth is a resident of Indiana and in that state made a claim for and was paid the policy proceeds.

Additionally, Duckworth does not dispute plaintiff's affidavit that:

1. On April 22, 1985 she visited his office and inquired as to the necessary steps for the opening of the estate of her deceased brother, Eugene James Crawford.

2. On July 22, 1985 she met with him in Antwerp, Ohio, and delivered keys to the mobile home and storage shed of decedent; she also identified some items of property which had belonged to the decedent.

3. On July 22, 1985 she went with him to Cecil, Ohio, to close the post-office boxes of decedent.

4. On September 4, 1985 she delivered to plaintiff at his office in Antwerp, Ohio, decedent's automobile.

5. On November 9, 1985 she attended the auction sale of decedent's

personal property held in this county and purchased several items.

From her deposition it is also clear that throughout decedent's hospitalization during his last illness in a Fort Wayne hospital, located about twenty-five miles from his home, between February 13, 1985 and April 20, 1985 Duckworth made several trips to his mobile home at Leinard's Trailer Court at his instructions to obtain various items of personal property, including the mentioned policies and his automobile.

Here, Duckworth admits signing a paper for the funeral director (who buried decedent) that he asked her to sign and which she says she did not read and has no knowledge of its contents. From innuendo of counsel the court infers it was a document wherein the signer assumed obligation for the funeral bill — which Duckworth says she has not paid.

Counsel urges that this is only an action to recover $4,108.47 by reason of application made and granted in Indiana which cannot amount to any conduct described in Civ. R. 4.3(A), as follows:

"(1) Transacting any business in this state;
"* * *

"(7) Contracting to insure any person, property, or risk located within this state at the time of contracting * * *."

Strangely, this Civil Rule does not mesh precisely with the Ohio long-arm statute, R.C. 2307.382, personal jurisdiction, which, *inter alia,* contains these three paragraphs:

"(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

"(1) Transacting any business in this state;
"* * *

"(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state:
"* * *

"(9) Contracting to insure any person, property, or risk located within this state at the time of contracting."

Still, this statute has been in effect, without change, since October 1, 1976.

As the statute provides substantive law for this court while the rule provides procedural law, this court holds that if in fact Duckworth wrongfully obtained the proceeds of this policy by reason of acts all of which occurred in another state (Indiana) her acts come clearly within the provisions of R.C. 2307.382(A)(6).

Further, however, this court holds that her acting pursuant to her brother's instructions in going to Ohio several times while he was alive to perform services in respect to his personal property amounted to "transacting * * * [some] business in this state." See *Kleinfeld* v. *Link* (1983), 9 Ohio App. 3d 29, 9 OBR 30, 457 N.E. 2d 1187.

By reason of the foregoing plaintiff is entitled to a summary judgment decreeing that this court in this action has obtained, by reason of certified mail service, jurisdiction over the person of defendant Hazel Duckworth. * * *[1]

Counsel may prepare an appropriate entry.

*Judgment for plaintiff.*

---

[1] This opinion has been abridged by Judge Hitchcock.